UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81957-RAR
(CASE NO. 19-CR-80064-RAR)

**MATTHEW TASSIN,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

### REPORT AND RECOMMENDATION ON MOVANT'S MOTION TO VACATE

**THIS CAUSE** came before the Court on a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255, filed by Matthew Tassin ("Tassin"). ECF No. [1] ("Motion"). Although Tassin presented seven claims before this Court, one claim is dispositive of the Motion. Specifically, Tassin argued that his "Defense counsel failed to file notice of appeal (sic) disregarding [his] express desire to appeal (sic)." *Id.* at 4. The Government, after having an opportunity to show cause why the Motion should not be granted, conceded in its Answer that "[t]here is no need for an evidentiary hearing" and that Tassin should be provided "an out-of-time appeal" based on that claim. ECF No. [9] at 2.

This matter was referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). ECF No. [6]. After careful review of the record and relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that the Motion, be **GRANTED** as to his request to file an out-of-time appeal and that all other grounds be **DISMISSED** as premature.

### I.  PROCEDURAL HISTORY

Following a guilty plea to one count of distribution of child pornography and another count of possession of material involving sexual exploitation of minors who had not attained the age of

12, the Court entered its judgment adjudicating Tassin guilty of those offenses and sentenced him to a total term of 240 months' imprisonment. *See Tassin v. United States of America*, No. 19-CV-80064-RAR, Criminal Judgment, [ECF No. 37] (S.D. Fla. Sep. 27, 2019). Tassin never appealed the judgment, and this proceeding followed.

Tassin now files the instant Motion seeking relief on the following Grounds:

GROUND ONE:  Counsel was ineffective for failing to file a requested appeal.

GROUND TWO:  Counsel was ineffective for failing to challenge the admissibility of Movant's inculpatory statements prior to receiving *Miranda* warnings.

GROUND THREE:  Counsel was ineffective for failing to (a) "accurately describe federal sentencing" (b) "anticipate possible enhancements"; (c) "provide mitigating characteristics" at sentencing.

GROUND FOUR:  Counsel was ineffective for failing to challenge the evidentiary basis for Counts 1 and 2 of the indictment.

GROUND FIVE:  Law enforcement violated the Fourth Amendment by acting "without a proper search warrant."

GROUND SIX:  The indictment is legally deficient as to two counts because "hyperlinks do not constitute child pornography."

GROUND SEVEN:  The statutory basis for Count Three of the indictment "is vague and does not apply to cell phones."

ECF No. [1].[1]

## II. APPLICABLE LAW

"A criminal defense lawyer is not under a *per se* constitutional obligation to consult with his or her client about an appeal." *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). But, if a criminal defense lawyer "disregards a specific instruction from the defendant to file a

---

[1] Tassin presented numerous ineffective assistance at trial claims within "Ground One" of his Motion. *See* ECF No. [1] at 4, 15–22. This Report, for the purposes of maintaining clarity, enumerates the different ineffective assistance of counsel arguments, therefore, what Tassin referred to as Grounds Two through Four in his Motion are Grounds Five through Seven herein. *See id.* at 5–8, 22–24.

Case 9:20-cv-81957-RAR   Document 12   Entered on FLSD Docket 03/16/2021   Page 3 of 6

notice of appeal," the attorney has "act[ed] in a matter that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Thus, "when counsel fails to file a requested appeal, a defendant is entitled to [a] resentencing and to an appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriguez v. United States*, 395 U.S. 327, 329–30 (1969)).

In cases "where the defendant neither instruct[ed] counsel to file an appeal nor ask[ed] that an appeal not be taken," an attorney may perform constitutionally ineffective for not consulting with their client depending on the circumstances.  *See Flores-Ortega*, 528 U.S. at 478.  To "consult," has "a specific meaning"—that is, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  *Id.*  If a criminal defense attorney's consultation comports with that definition, the only way an attorney can be deemed ineffective is if the defendant insisted with an "express instruction[]" to appeal.  *See id.*

### III. DISCUSSION

Here, the Government concedes that Tassin "asked that an appeal be filed" on his behalf.  ECF No. [9] at 2.  The Government further concedes that, "it could not prove" at an evidentiary hearing that the discussion Tassin had with his attorney satisfies the "requisite" definition of what makes an attorney-client discussion a "consultation" regarding an appeal.  *Id.*  Thus, all parties agree that Tassin explicitly requested to appeal and that and evidentiary hearing would not show that Counsel's advice met the definition of "consultation."

In Counsel's Affidavit, he conceded that Tassin "expressed a desire to appeal" and admits that he erred in his efforts to understand Tassin's wishes about appealing.  *See* Affidavit of Attorney, ECF No. [9-1] ("My recollection is that Mr. Tassin did not materially respond to me[,]

and we simply discontinued the phone call. In hindsight, because [Mr.] Tassin expressed a desire to appeal part of this case, I should have, but did not file a notice of appeal to preserve Mr. Tassin's appellate rights."). Accordingly, the Court must find that Counsel's performance was *per se* ineffective as to the issue of filing an appeal only. *See Flores-Ortega*, 528 U.S. at 477–78 (explaining this particular error renders a defense attorney *per se* ineffective and that to "consult" there must be "a reasonable effort to discover the defendant's wishes" after conferring with the defendant). Tassin is, therefore, entitled to relief on Ground One.

Given this finding, the Government concedes and the undersigned **RECOMMENDS** that the Court: (1) vacate the prior criminal judgment; (2) reimpose the previously imposed sentence; (3) advise Tassin of all the rights associated with an appeal from any criminal sentence upon reimposition of that sentence; and (4) explain the time for filing a notice of appeal from that reimposed sentence. *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000)[2]; *see also Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("This Court has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal."). Indeed, by doing so, Tassin will be in "the same position that he would have been in had his lawyer filed a timely appeal on his behalf." *United States v. Palacios*, 516 F. App'x 734, 738 (11th Cir. 2013).

---

[2] In *Phillips*, the Eleventh Circuit stated that the applicable time to appeal, under these circumstances, "is ten days" from the date of the reimposed sentence as "dictated by Rule 4(b)(1)(A)(i)." *Phillips*, 225 F.3d at 1201. However, Fed. R. App. Proc. 4(b)(1)(A)(i) has since been amended and now reads that "a defendant's notice of appeal must be filed in the district court *within 14 days* after the later of . . . the entry of either the judgment or the order being appealed." Fed. R. App. Proc. 4(b)(1)(A)(i) (emphasis added).

All other claims raised in the Motion are properly raised only after a new judgment has been entered, and therefore, are premature and should be dismissed without prejudice. *See United States v. Wiles*, 563 F. App'x 692, 695 (11th Cir. 2014) ("Given that the district court vacated its original judgment and imposed an identical sentence in a new judgment, Mr. Wiles may raise his ineffective assistance of counsel claims and develop a sufficient record through a properly-filed §2255 motion."); *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (explaining the "best approach," under these circumstances, is to dismiss without prejudice any remaining collateral claims to avoid "significant inefficiencies" because a collateral claim that is denied before the new judgment is entered may still open the door to that claim being relitigated in a reinstated direct appeal and because the reinstated direct appeal might render that claim unnecessary); *Bynum v. United States*, No. 17-23142-CIV-ALTONAGA, 2018 WL 9596944, at *3 (S.D. Fla. Oct. 26, 2018) ("All remaining claims for relief in the Motion are DISMISSED as premature."); *Quinones v. United States*, No. 08-80139-CIV-MIDDLEBROOKS, 2009 WL 2970427, at *11 (S.D. Fla. Sept. 15, 2009) ("The remaining claims, however, should be dismissed without prejudice to the filing of a § 2255 motion once the movant's conviction becomes final after resolution of his direct appeal.").

## IV. RECOMMENDATION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that: (1) Ground One of Tassin's *pro se* Motion, ECF No. [1], be **GRANTED** so that Tassin may pursue an out-of-time appeal consistent with the procedure set forth in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), and (2) that all other claims in the Motion be **DISMISSED WITHOUT PREJUDICE** as premature. Any pending motions, including any requests for evidentiary development, should be **DENIED** as **MOOT**.

## V. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Court Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 16th day of March, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

cc:   Matthew Tassin
      19860-104
      Butner FMC
      Federal Medical Center
      Inmate Mail/Parcels
      Post Office Box 1600
      Butner, NC 27509
      PRO SE

      Gregory Schiller
      U.S. Attorney's Office
      500 S. Australian Ave.
      Suite 400
      West Palm Beach, FL 33401
      954-789-6285
      Email: gregory.schiller@usdoj.gov

      Noticing 2255 US Attorney
      Email: usafls-2255@usdoj.gov